UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY BAKER,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA SCHOOL EMPLOYEES ASSOCIATION, RIVER DELTA VALLEY CHAPTER 821, et al.,<br><br>  Defendants. | No. 2:23-cv-02857-DAD-SCR<br><br>ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES<br><br>(Doc. No. 34) |

This matter is before the court on the motion for attorneys' fees pursuant to 42 U.S.C. § 1988(b) filed on behalf of defendants Tammy Reynolds and Michelle Rodriguez (collectively, "the District defendants") on April 24, 2025. (Doc. No. 34.) On May 5, 2025, the pending motion was taken under submission on the papers. (Doc. No. 35.) For the reasons explained below, the court will deny defendants' motion for attorneys' fees.

**BACKGROUND**

Plaintiff Wendy Baker, a schoolteacher, filed her first amended complaint ("FAC") in this action on January 29, 2024. (Doc. No. 5.) According to plaintiff's allegations in her FAC, defendant Tammy Reynolds is the payroll operations manager for the Stockton Unified School District, and defendant Michelle Rodriguez is the district superintendent. (*Id.* at ¶¶ 7, 8.) In her FAC, plaintiff asserted a claim against the District defendants for violation of her procedural due

1

1 process rights under the First and Fourteenth Amendments on the grounds that the District
2 defendants had failed to adopt an internal procedure requiring plaintiff's teachers' union to
3 produce a written authorization in the event of a dispute regarding the issue of authorization of
4 union dues.[1]  (*Id.* at ¶¶ 118–34.)  On February 19, 2025, the court issued an order granting the
5 District defendants' motion to dismiss plaintiff's FAC.  (Doc. No. 30.)  The court noted in its
6 order that "[c]ourts in the Ninth Circuit confronting similar circumstances to those alleged by
7 plaintiff here—that is, where a local government has relied on information supplied by a union to
8 deduct union dues as required under state law—have concluded seemingly universally that a local
9 government cannot be held liable under § 1983."  (Doc. No. 30 at 13–14.)  The court nevertheless
10 dismissed plaintiff's claims asserted against the District defendants with leave to amend "out of
11 an abundance of caution."  (*Id.* at 19.)  Plaintiff filed a notice of her intent not to file an amended
12 complaint on March 17, 2025.  (Doc. No. 31.)

13      On April 24, 2025, the District defendants filed the pending motion for attorneys' fees.
14 (Doc. No. 34.)  Plaintiff filed her opposition on May 8, 2025.  (Doc. No. 36.)  On May 19, 2025,
15 the District defendants filed their reply thereto.  (Doc. No. 37.)

16 **LEGAL STANDARD**

17      In an action brought pursuant to 42 U.S.C. § 1983, "the court, in its discretion, may allow
18 the prevailing party, other than the United States, a reasonable attorney's fee as part of the
19 costs . . . ."  42 U.S.C. § 1988(b).  Although this provision does not distinguish between
20 prevailing plaintiffs and prevailing defendants, courts have interpreted the statute as treating the
21 two differently.  *Thomas v. City of Tacoma*, 410 F.3d 644, 645 (9th Cir. 2005).  A prevailing
22 defendant in a § 1983 action may be awarded attorneys' fees under § 1988 only when the
23 plaintiff's action is "frivolous, unreasonable, or without foundation."  *Tutor-Saliba Corp. v. City*
24 *of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006) (quoting *Christiansburg Garment Co. v. EEOC*,
25 434 U.S. 412, 421 (1978)); *see also Alaska Right to Life Pol. Action Comm. v. Feldman*, 504 F.3d
26 840, 852 (9th Cir. 2007) ("The terms 'frivolous', 'unreasonable' and 'without foundation' as used

---

[1] A more complete summary of the allegations of plaintiff's FAC is contained in the court's February 19, 2025 order.  (*See* Doc. No. 30 at 2–4.)

2

1  in this context do not have appreciably different meanings."). "In determining whether this
2  standard has been met, a district court must . . . avoid 'post hoc reasoning by concluding that,
3  because a plaintiff did not ultimately prevail, his action must have been unreasonable or without
4  foundation.'" *Tutor-Saliba*, 452 F.3d at 1060. "A defendant can recover if the plaintiff violates
5  this standard at any point during the litigation, not just at its inception." *Galen v. Cnty. of Los*
6  *Angeles*, 477 F.3d 652, 666 (9th Cir. 2007). "A case may be deemed frivolous only when the
7  'result is obvious or the . . . arguments of error are wholly without merit.'" *Karam v. City of*
8  *Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (ellipses in original). Accordingly, a defendant
9  may "recover fees and costs from a plaintiff in a civil rights case only 'in exceptional
10 circumstances[.]'" *Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 968 (9th Cir. 2011).

**ANALYSIS**

**A.   The Parties' Contentions**

In their pending motion, the District defendants argue that plaintiff's First and Fourteenth Amendment claims asserted against them were "meritless and groundless under extremely clear existing law." (Doc. No. 34-1 at 2.) The District defendants point out that the Ninth Circuit has held that the Supreme Court's decision in *Janus v. AFSCME*, 585 U.S. 878 (2018) "imposes no affirmative duty on government entities to ensure that membership agreements and dues deductions are genuine." (*Id.* at 3) (quoting *Wright v. SEIU*, 48 F.4th 1112, 1125 (9th Cir. 2022)). The District defendants further cite to the section of the court's February 19, 2025 order in which the court noted the many district court decisions and unpublished Ninth Circuit opinions granting motions to dismiss in generally similar circumstances. (*Id.* at 5.)

In opposition, plaintiff advances several unpersuasive arguments, but also argues that her allegations presented an allegedly "novel" situation where "a government employer not only had knowledge of a dispute between an employee and union regarding deductions, but had and refused to exercise the statutory ability to demand proof from the union of the employee's authorization[.]" (Doc. No. 36 at 6.) Plaintiff argues in similar fashion that no binding authority addressed circumstances like those presented in this case: The Ninth Circuit's decision in *Belgau v. Inslee*, 975 F.3d 940 (9th Cir. 2020) did not address a procedural due process claim, and the

3

1  Ninth Circuit's decision in *Wright* did not address a statute with a provision akin to the one at

2  issue here, California Education Code § 45168(7).[2]  (*Id.* at 14.)

3       In reply, the District defendants again cite the section of the court's February 19, 2025

4  order listing the many district court decisions and unpublished Ninth Circuit opinions addressing

5  allegations that "a local government has relied on information supplied by a union to deduct

6  union dues as required under state law[.]"  (Doc. No. 37 at 2) (citing Doc. No. 30 at 13–14).

7  **B.**    **Whether Plaintiff's Claims Were Frivolous**

8       California Education Code § 45168(7) provides in relevant part:

> A classified or recognized employee organization that certifies that it has and will maintain individual employee authorizations shall not be required to submit to the governing board of a public school employer a copy of the employee's written authorization in order for the payroll deductions described in this section to be effective, *unless a dispute arises about the existence or terms of the written authorization*.

13  Cal. Educ. Code § 45168(7) (emphasis added).  In its February 19, 2025 order, the court

14  considered plaintiff's argument that § 45168(7) removed this case from the ambit of the Ninth

15  Circuit's decisions in *Belgau*, *Wright*, and *Ochoa*.  (*See* Doc. No. 30 at 15–16.)  The court

16  rejected plaintiff's argument in this regard.  (*Id.*)  While no court had previously considered

17  § 45168, at least two district courts had considered a California statute containing nearly identical

18  /////

19  /////

20  /////

21  /////

22  /////

---

[2] Plaintiff also argues that the district court's decision in *Mendez v. California Teachers Association*, 419 F. Supp. 3d 1182 (N.D. Cal. 2020), *aff'd* 854 F. App'x 920 (9th Cir. 2021), is the only decision with "precedential weight" other than *Belgau* and *Wright*, and that *Mendez* is also distinguishable.  (Doc. No. 36 at 13–14.)  It is unclear whether plaintiff intended to refer to the Ninth Circuit's opinion in *Ochoa v. Public Consulting Group*, 48 F.4th 1102 (9th Cir. 2022), which is the third binding precedent that courts in the Ninth Circuit typically apply—along with *Belgau* and *Wright*—when considering allegations regarding a government employer's failure to deduct union dues pursuant to state law.  In any event, the state statute at issue in *Ochoa* also did not contain any provision similar to § 45168(7).  *See* Wash. Rev. Code § 41.56.113.

4

language[3] after the Ninth Circuit issued its opinions in *Wright* and *Ochoa* and nevertheless found that the plaintiffs had failed to state a claim under § 1983 against the local government entities. *See Parde v. SEIU*, No. 22-cv-03320-GW-PLA, Doc. No. 88 at 7–9 (C.D. Cal. Dec. 9, 2022); *Craine v. AFSCME*, No. 22-cv-03310-DSF-SK, 2023 WL 2379217, at *2–3 (C.D. Cal. Feb. 1, 2023). The Ninth Circuit subsequently affirmed those decisions in unpublished opinions. *See Parde v. SEIU*, No. 23-55021, 2024 WL 2106182 (9th Cir. May 10, 2024); *Craine v. AFSCME*, Nos. 23-55206, 23-55369, 2024 WL 1405390 (9th Cir. Apr. 2, 2024). The Ninth Circuit had previously issued an unpublished opinion finding similarly. *See Deering v. IBEW*, No. 22-55458, 2023 WL 6970169, at *1 (9th Cir. Oct. 23, 2023).

However, while the court was ultimately not persuaded by plaintiff's argument in this regard, the court cannot find that such an argument was "wholly without merit." *Karam*, 352 F.3d at 1195. Multiple district court decisions and unpublished Ninth Circuit opinions had rejected liability for municipal defendants in connection with a nearly identical statute. But no binding authority had addressed a statute with a provision similar to § 45168(7). *See Taylor AG Indus. v. Pure-Gro*, 54 F.3d 555, 565 (9th Cir. 1995) ("It is true that in this case, the law has been clearly established not only by the Supreme Court but seven other courts of appeal. However, this circuit has never spoken on the issue, and Appellants' argument cannot be characterized as 'wholly without merit.' An award of attorney's fees is not appropriate."); *Galen*, 477 F.3d at 667 ("In the absence of controlling Ninth Circuit or Supreme Court authority . . . Galen's perseverance in his suit was not unreasonable."). The court must "avoid 'post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" *Tutor-Saliba*, 452 F.3d at 1060.

/////

---

[3] California Government Code § 1157.12(a) provides in relevant part:

> An employee organization that certifies that it has and will maintain individual employee authorizations shall not be required to provide a copy of an individual authorization to the public employer unless a dispute arises about the existence or terms of the authorization.

5

Accordingly, the District defendants' motion for attorneys' fees pursuant to 42 U.S.C. § 1988(b) will be denied.[4]

## CONCLUSION

For the reasons explained above, the motion for attorneys' fees filed on behalf of defendants Tammy Reynolds and Michelle Rodriguez (Doc. No. 34) is DENIED.

IT IS SO ORDERED.

Dated: __July 1, 2025__

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[4] The pending motion will be denied for the reasons explained in this order. However, the court additionally notes that despite the many district court decisions and unpublished Ninth Circuit opinions applying *Belgau*, *Wright*, and *Ochoa*, each addressing slightly different factual circumstances, the District defendants have not directed the court's attention to any decision granting a motion for attorneys' fees in those cases. Nor has the court located any. *Cf. Harris*, 631 F.3d at 968 (noting that a defendant in a civil rights case may recover attorneys' fees "only 'in exceptional circumstances'").

6